{¶ 25} I concur with the majority as to the disposition of this case, but I do not concur with the majority as to its analysis of this case.
 {¶ 26} The appellant seems to argue that according to Troxelv. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49
(2000), if the biological parents of a child do not want a third party to have contact with the child, then a court cannot order any contact between the child and the third party.
 {¶ 27} I disagree with appellant as to that assessment ofTroxel. Troxel indicates that parents are presumed to make decisions regarding their children in the best interests of those children. This presumption is rebuttable. In other words, the analysis does not end just because the parents have articulated their wishes.
 {¶ 28} In addition, even if I agreed with appellant that the analysis stopped when the biological parents expressed their wishes, the appellant would still not prevail. In the case sub judice, "[i]n accordance with the parties' agreement" first petitioner's motion to reallocate parental rights and responsibilities was withdrawn and dismissed by the trial court without prejudice. (See July 2, 2003, Judgment Entry). In addition, the transcript from the May 21, 2003, hearing before the Magistrate indicates a discussion by the parties as to dates of visitation between the child and Mr. Spiert. In other words, it is not clear from the record that the biological parents did not wish Mr. Spiert to have contact with the child. I, therefore, must conclude that appellants have waived the Troxel argument, and I would overrule the assignment of error on that ground.
 {¶ 29} I do concur with the majority that the facts before us are vastly different from those in the Troxel case. The trial court in the case sub judice finds John Jennings to be the natural biological father of the child, Christopher, orders that the dissolution be modified to reflect said finding and orders the Bureau of Vital Statistics to prepare a new birth certificate to reflect such. But, the trial court leaves in tact the finding of the dissolution decree that Christopher was born issue of the marriage of Ms. Jennings and Mr. Spiert unless the trial court has implicitly vacated that finding without benefit of a 60(B) motion. This raises many questions in my mind as to the procedural regularities in the case sub judice, but I concur with the majority as to the disposition of this case for the reason that appellants have waived the Troxel argument.